## MALLORY S. S. CO. v. SIMMONS.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1924.)

No. 4337.

Shipping ⊙~86(2)—Evidence held to show that injuries to stevedore from fall of cross-ties on truck resulted from negligence of fellow servants.

Evidence *held* to show that injuries to stevedore from falling of cross-ties on truck which he was unloading resulted from negligence of fellow servants in not properly securing iron stanchions to hold cross-ties in place, and not from defective equipment.

Appeal from the District Court of the United States for the Southern District of Texas; J. C. Hutcheson, Jr., Judge.

Libel by Abraham Simmons against the Mallory Steamship Company, owner of the steamship San Jacinto. Decree for libelant, and libelee appeals. Reversed and remanded.

Ballinger Mills, of Galveston, Tex., for appellant.

W. E. Price, of Galveston, Tex., for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is a libel in personam, brought by the appellee against the appellant steamship company, to recover damages for personal injuries. The libel alleges that, while the appellee was employed by the appellant as a stevedore, he was injured as the result of appellant's negligent use of a truck in loading cross-ties on a ship. The defenses were that the truck was in sound condition, and that plaintiff's injuries, if any were suffered, were caused by the negligence of other stevedores, who were his fellow servants.

Appellee testified that as he approached the truck, for the purpose of unloading it, the stanchions on one side gave way, and the load of cross-ties fell off, and some of them struck him on the leg. There was undisputed evidence to the following effect: Appellee was one of a number of stevedores, some of whom were engaged in loading trucks on the wharf, and others in unloading them as they were brought on to the ship. The same stevedores worked as directed, sometimes on the wharf, and sometimes on the ship. There was no defect in the truck which the appellee was in the act of unloading at the time he claims to have been injured, or in the stanchions on either side of it which held the cross-ties in place. The stanchions were made of iron pipe, and extended five or six inches into sockets on

the sides of the truck. Each of these sockets was open, but had a slight ridge at the bottom, which prevented a stanchion from slipping through and held it in place. By this arrangement the stanchions extended five or six inches into the sockets. The District Court was of opinion that the evidence failed to disclose any negligence of fellow servants, and awarded the appellee $1,000 as damages.

Appellant furnished a safe appliance. There was no defect in the truck, or in the manner by which the stanchions were made secure in the sockets. The accident occurred, not because of the furnishing of an unsafe appliance, but in the manner of using a safe appliance. Appellant was held liable on the theory that the stanchions were not in place in the sockets. If the stevedores who loaded the truck took the stanchions out of the sockets and failed to place them securely back, their negligence was the cause of appellee's injury. If the truck was loaded without removing the stanchions, and any of them were not in position in the sockets, it was the duty of the stevedores loading the truck to place them in such position. In either event, the accident would be attributable to the negligence of fellow servants in the use of a safe appliance. The evidence does not disclose any negligence on the part of the steamship company.

The decree of the District Court is reversed. and the cause remanded for further proceedings not inconsistent with this opinion.